UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE:<br>BRIAN KENT JANES<br>BETH ANN JANES<br>　　DEBTOR(S) | CASE NUMBER:<br>08-09135-8-ATS<br>CHAPTER 13 |

MINUTES OF 341 MEETING AND
MOTION FOR CONFIRMATION OF PLAN

　　　　NOW COMES, the Trustee in the above referenced Chapter 13 case and moves the Court for entry of an Order confirming the Plan in this case, and as to the extent modified by this Motion. In support of this Motion, the Trustee says unto the Court the following:

1.　　That the Debtor(s) appeared at the meeting of creditors, as required by 11 U.S.C. §341 and submitted to an examination under oath by the Trustee on FEBRUARY 6, 2009 or has (have) supplied answers to written interrogatories;

2.　　The Debtor(s) has/have complied with all requirements of 11 U.S.C. §521(a)(1)(B) and Interim Bankruptcy Rules 1007 and 4002(b), as modified and adopted by this Court, and this case has not been dismissed, nor is it subject to dismissal, under 11 U.S.C. §521(i).

3.　　There are no pending objections to confirmation or other filings or pleadings that would impede the confirmation of the Plan in this case;

4.　　The analysis of this Plan has been performed by the Trustee, as evidenced by Exhibit "A" attached hereto, and the Trustee is of the opinion that the Plan meets the requirements of 11 U.S.C. §1325;

5.　　The Debtor(s) shall pay to the Trustee aggregate payments of $33,040.00, which amount is the "Plan Base," and such payments shall be paid as follows: 2 MONTHS @ $541.00; 58 MONTHS @ $551.00. The Trustee shall disburse such funds pursuant to the terms of the confirmed plan. The Debtor(s) must pay the Plan Base, or an amount necessary to pay all claims in full, to the Trustee for distribution under the terms of the confirmed Plan before a discharge may be entered;

6.　　The Plan establishes a minimum pool of funds to be paid to the Trustee by the Debtor(s) called the "Unsecured Pool," as provided for in 11 U.S.C. §1325 (b)(1)(B). The Plan establishes the Unsecured Pool in this case as $-0-. After satisfaction of all allowed priority and administrative claims, unsecured creditors shall receive their *pro rata* portion of any funds remaining in the Unsecured Pool;

7.　　Since various factors, including but not limited to periodic fluctuation of the Trustee's commission during the course of this case, may affect the amount of funds in the Unsecured Pool available for distribution to unsecured creditors, the Unsecured Pool shall be increased by the "base" amount not needed to satisfy allowed secured, priority, and administrative claims (including the Trustee's commission);

8. Generally, and subject to orders entered hereafter by this Court, any claim proof of which is not filed before on or before MAY 7, 2009 shall be disallowed. Claims of governmental units, proofs of which are not filed before JUNE 15, 2009 shall be disallowed.

9. Scheduled claims, proofs of which are not timely filed, or which claims are disallowed, are subject to being discharged if the Debtor(s) complete the Plan, except as specifically provided by law. The liens of creditors which will not be paid in full during the term of the Plan, or which are to be paid directly by the Debtor(s), are not affected by the confirmation of this Plan, except as provided in paragraph 10 below;

10. The claims of the following secured creditors shall be paid in the amount set out below. The amount shown has been adjusted to account for any adequate protection payments(s) paid to the creditor by the Trustee in accordance with Local Rule 3070-1(b) prior to the date of this motion, and a similar adjustment shall be made should any additional adequate protection payments be disbursed by the Trustee prior to the confirmation of the Plan. All adequate protection payments are applied to reduction of the principal amount of the creditor's claim. With respect to claims listed below for which the terms of repayment are listed as: "Direct" or "Outside" or similar language regarding the payment of a claim under this Plan, such language means that the Debtor(s) or a third party will make the post-petition payments in accordance with the contractual documents which govern the rights and responsibilities of the parties to the transaction, including any contractual modifications thereof, beginning with the first payment that comes due following the order for relief. With respect to claims for which the collateral is described as "Arrears," the amount thereby shown as pre-petition arrears shall be cured through plan payments made by the Debtor(s) in the manner set forth under the heading "Repayment." The lien of each such creditor shall survive the discharge(s) of the Debtor(s), provided that upon payment to the creditor of the allowed arrearage claim, shown below (or as changed by a timely filed and allowed claim or amendment to claim or order of this Court), the Debtor(s) shall be deemed to be current under the terms of the debt as of the petition date. With respect to claims listed below for which the terms of repayment are listed as: "Surrender," upon entry of an Order confirming the plan, as modified by this Motion the automatic stay of 11 U.S.C. §362(a) shall thereupon be lifted and modified with respect to such property "for cause" under 11 U.S.C. §362(d)(1), as allowed by Local Rule 4001-1(b). If "Scheduled" appears next to or below "Amount," below, such notation indicates that no claim has been filed by or on behalf of the Creditor. In accordance with 11 U.S.C. §502, no disbursements may be made to a creditor who does not hold an allowed claim which requires the timely filing of a proof of claim pursuant to and in accordance with 11 U.S.C. §501, Federal Rules of Bankruptcy Procedure 3001, 3002, and 5005, Interim Bankruptcy Rule 3002, as modified and adopted by this Court, and Local Rules 3001-1(b), 3004-1 and 5005-1 through 5005-4(12). Should an objection to a claim be filed, the Trustee may reserve payments on such claim pending entry of a final order resolving such objection. The amount shown as "monthly payment" is the average amount the creditor will receive each month during the life of the plan. Numerous variables (such as payment of attorneys fees, the timing of the preparation and filing of this Motion, the filing of claims after confirmation, the timing of payments made to the Trustee, etc.) make determination of an exact monthly payment to be disbursed each month impossible. The creditor's allowed claim will be paid within the term stated.

| Creditor | Collateral | Amount | Int. rate/Term/Mo. Pymt |
|---|---|---|---|
| 2- Carmax Auto | 03 Pontiac | $974.21 | TO BE PAID DIRECT |
| 4- JPMorgan Chase | 05 Chevrolet | $7,258.48 | TO BE SURRENDERED |
| 6- GMAC | 07 Chevrolet | $6,031.25 | TO BE PAID DIRECT |

11. The following creditors have filed secured proofs of claim, but, due to the value placed on the collateral, the claims will be treated as unsecured and paid with other unsecured claims;

| Creditor | Collateral | Present Value | Repayment Rate/Term |
|---|---|---|---|
| 22- Murray Supply | Judgement | $116,575.30 - Unsecured | Judgement against male Debtor only. No real property in Forsyth County. Pro rata within 60 months. |

12. The treatment of claim indicated in paragraphs 10 and 11 above is based on information known to the Trustee at the time of the filing of this Motion. The treatment of some claims may differ from that indicated if subsequent timely filed claims require different treatment;
13. The following executory contracts and unexpired leases shall be either assumed or rejected as indicated below:

| Creditor | Property Leased or Contracted For | Treatment |
|---|---|---|

NONE

14. Priority claims shall be paid in full over the term of the Plan;
15. That confirmation of this Plan will be without prejudice to pending Motions for Relief From the Automatic Stay and will be without prejudice to objections to claim and avoidance actions;
16. That confirmation of the Plan vests all property of the estate in the Debtor(s), provided, however, that upon confirmation, and hence such vesting, the automatic stay of 11 U.S.C. §362(a) shall be re-imposed as to any and all property with respect to which such vesting would otherwise effect the lifting of the automatic stay under 11 U.S.C. §362(c)(3)(A). Should any creditor object to the foregoing, then the property related to such creditor's claim or the subject of such objection shall not vest in the Debtor(s), but shall remain property of the bankruptcy estate of the Debtor(s), until the earliest of the time the case is closed, the time the case is dismissed, or the time a discharge is granted or denied to the Debtor(s);
17. That the attorney for the debtor(s) is requesting fees in the amount of $3,000.00. The Trustee recommends to the Court a fee of $3,000.00. If the recommended fee is different from that requested, an explanation can be found in Exhibit "A".

DATED: February 18, 2009

/s/ John F. Logan
John F. Logan
Standing Chapter 13 Trustee
NC State Bar No. 12473
PO Box 61039
Raleigh, NC  27661-1039

REVISED 06-21-06

EXHIBIT "A"

| | | |
|---|---|---|
| NAME OF DEBTOR(S): BRIAN KENT JANES | | CASE NUMBER: 08-09135-8-ATS |
| BETH ANN JANES | | |
| | | GROSS INCOME: |
| EMPLOYMENT: | Debtor: Drains Plus | $3,467 |
| | Spouse: First Citizens Bank | $1,267 |

BUSINESS:            NON-BUSINESS: X

Prior Bankruptcy Cases: Yes:        No: X
If so, Chapter filed:          Disposition:

Real Property: (Brief Description: Ex - H&L, mobile home, etc)
Description:     House & Lot - 1304 Grappenhall

| | | | | |
|---|---|---|---|---|
| FMV | $250,000 | | Date Purchased | |
| Liens | $  -0- | | Purchase Price | $ |
| Exemptions | $  TBE | | Improvements | $ |
| Equity | $  -0- | | Insured for | $ |
| Rent | $  -0- | | Tax Value | $ |

Tenants by Entirety: Yes (X)      No ()

COMMENTS:

Attorney Fees:
Requested:      $3,000 (excluding filing fee)
Paid:           $  300 (excluding filing fee)
Balance:        $2,700

Trustee's Recommendation: $3,000
Comments: Travis Sasser

| Plan Information: After 341 | | | | Payout % After 341 |
|---|---|---|---|---|
| Total Debts | $333,862 | Pay in | $33,040 | Priority 100% |
| Priority | $  8,533 | Less 6% | $ 1,982 | Secured 100% |
| Secured | $  -0- | Requested | | Unsecured .02% |
| Unsecured | $305,556 | Atty fee | $ 2,700 | Joint-0-% |
| Joint Debts | $  -0- | Available | $28,358 | Co-Debts-% |
| Co-Debtor | $ 19,773 | | | |

Annual Review:         Yes: () No: (X)
Payroll Deduction:     () Yes  (X) No

Objection to Confirmation:      Yes (   )    No ( X  )
Pending:
Resolved:

Motions Filed:   Yes (    )  No ( X  )
If so, indicate type and status:

Hearing Date:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN RE:  
BRIAN KENT JANES  
BETH ANN JANES  
    DEBTOR(S)

CASE NUMBER:  
08-09135-8-JRL  
CHAPTER 13

## NOTICE OF MOTION FOR CONFIRMATION OF PLAN

John F. Logan, Chapter 13 Trustee, has filed papers with the Court to confirm the Chapter 13 Plan.

<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the Motion for Confirmation of the Plan, or if you want the Court to consider your views on the Motion, then on or before____MARCH 16, 2009____you or your attorney must file with the Court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:

U.S. Bankruptcy Court  
Eastern District of North Carolina  
PO Box 1441  
Raleigh, NC  27602

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

Your must also mail a copy to the debtor(s), debtor(s) attorney, and Trustee at the following addresses:

| | | |
|---|---|---|
| John F. Logan | BRIAN KENT JANES | TRAVIS SASSER, ESQ. |
| Chapter 13 Trustee | BETH ANN JANES | 875 WALNUT STREET |
| PO Box 61039 | 1304 GRAPPENHALL DRIVE | SUITE 342 |
| Raleigh, NC  27661-1039 | APEX, NC 27502 | CARY, NC 27511 |

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set, and all parties will be notified accordingly.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order confirming the plan.

DATED:__February 18, 2009__

                                      __/s/ John F. Logan_____  
                                      John F. Logan, Chapter 13 Trustee  
                                      PO Box 61039  
                                      Raleigh, NC  27661-1039  
                                      (919) 876-1355

## CERTIFICATE OF SERVICE

DEBTOR 1 NAME: BRIAN KENT JANES         CASE NUMBER:  0809135
DEBTOR 2 NAME: BETH ANN JANES

I <u>Robert J. Wallace, Jr.</u> certify under penalty of perjury that I have served copies of the Minutes of 341 Meeting And Motion for Confirmation of Plan and the Notice of Motion for Confirmation of Plan on the parties listed below in the manner shown on <u>02/18/2009</u>:

Via Certified Mail:

JPMORGAN CHASE BANK, N.A., ATTN: JAMES DIMON, CHAIR., 1111 POLARIS PARKWAY, COLUMBUS OH 43240 -

Via U.S. first class mail, or by electronic service, if such interested party is an electronic filing user, pursuant to Local Rule 5005-4(9)(b):

TRAVIS SASSER, LAW OFFICE OF TRAVIS SASSER, 875 WALNUT STREET, SUITE 342, CARY NC 27511 -
AMERICAN EXPRESS, PO BOX 360002, FT. LAUDERDALE FL 33336, -
BANK OF AMERICA, PO BOX 15726, WILMINGTON DE 19886-5726, -
BJ PLUMBING, INC., 3401 GREEN LEVEL RD, CARY NC 27519, -
BRIAN KENT JANES, BETH ANN JANES, 1304 GRAPPENHALL DRIVE, APEX NC 27502 -
BRITTANY JANES, 1304 GRAPPENHALL DR., APEX NC 27502, -
CAPITAL ONE, PO BOX 105131, ATLANTA GA 30348-5131, -
CAPITAL ONE, PO BOX 85520, RICHMOND VA 23285-3520, -
CARMAX AUTO FINANCE, PO BOX 440609, KENNESAW GA 30160, -
CARMAX AUTO FINANCE, P.O. BOX 440609, KENNESAW GA 30160, -
CHASE AUTO FINANCE, ATTN: MNG AGT, 14800 FRYE RD., FORT WORTH TX 76155 -
CHASE, PO BOX 15325, WILMINGTON DE 19886-5325, -
CITGO/CITI, PO BOX 6003, HAGERSTOWN MD 21747, -
DISCOVER BANK, DFS-SERVICES, LLC, PO BOX 3025, NEW ALBANY OH 43054-3025 -
DISCOVER FINANCIAL SERVICES, PO BOX 15316, WILMINGTON DE 19850, -
ECAST SETTLEMENT CORP, PO BOX 35480, NEWARK NJ 07193-5480, -
EXXON MOBILE, PO BOX 105987, ATLANTA GA 30348-5987, -
GE MONEY BANK, PO BOX 103104, ROSWELL GA 30076, -
GMAC, PO BOX 78367, PHOENIX AZ 85062, -
GMAC, PO BOX 130424, ROSEVILLE MN 55113, -
GMAC, ATTN: MANAGING AGENT, 2740 ARTHUR ST., SAINT PAUL MN 55113-1303 -
HD SUPPLY COMPANY, PO BOX 601976, CHARLOTTE NC 28260-1976, -
INTERNAL REVENUE SERVICE, ATTN: MANAGER OR REG. AGENT, PO BOX 21125, PHILADELPHIA PA 19114 -
JPMORGAN CHASE BANK, N.A., CHASE AUTO FINANCE, PO BOX 901032, FORT WORTH TX 76101-2032 -
KEVEN JANES, 4901 PACES TRAIL, APT. 735, ARLINGTON TX 76017, -
MURRAY SUPPLY COMPANY, C/O C. THOMAS ROSS, 301 N. MAIN ST., STE. 2201, WINSTON SALEM NC 27101 -
NC DEPARTMENT OF REVENUE, PO BOX 1168, ATTENTION: ANGELA FOUNTAIN, RALEIGH NC 27602-1168 -
PAMELA P. KEENAN, KIRSCHBAUM, NANNEY & BROWN, PA, POST OFFICE BOX 19766, RALEIGH NC 27619 -
PAUL A. SHERIDAN, ESQ., VANN & SHERIDAN, LLP, PO BOX 2445, RALEIGH NC 27602-2445 -
ROSALEE JANES, 116 BRIERRIDGE DR., APEX NC 27502, -
ROUNDUP FUNDING, LLC, MS 550, PO BOX 91121, SEATTLE WA 98111-9221 -
SAMS CLUB, PO BOX 981400, EL PASO TX 79998-1400, -
SEARS NATIONAL BANKRUPTCY CNTR, PO BOX 20363, KANSAS CITY MO 64195-0363, -
SHELL CARD CENTER, PO BOX 689151, DES MOINES IA 50368-9151, -
THD/CBSD, PO BOX 6497, SIOUX FALLS SD 57117, -
WELLS FARGO FINANCIAL NTL BANK, PO BOX 94498, LAS VEGAS NV 89193-4498, -
WILKENSON SUPPLY COMPANY, PO BOX 6060, RALEIGH NC 27628, -

I certify that I have prepared the Certificate of Service and that it is true and correct to the best of my knowledge, information and belief.

Date: <u>02/18/2009</u>   Signature: _Robert J. Wallace, Jr._

Premium Graphics, Inc.
2099 Thomas Road, Suite 10
Memphis, TN 38134